## The State v. Payson.

1. **Seduction:** EVIDENCE: "KEEPING COMPANY" WITH ANOTHER MAN. In a prosecution for seduction, evidence that the prosecuting witness had frequently been seen going home with another man was not material,—not even to contradict her testimony that she had never "kept company" with any other man than the defendant.

2. ————: EVIDENCE OF PRIOR UNCHASTITY: QUESTION FOR JURY. In such case it was for the jury to weigh the evidence as to the prior chastity of the prosecuting witness, and this court cannot disturb their finding in that regard.

*Appeal from Carroll District Court.*

SATURDAY, MARCH 19.

INDICTMENT charging that the defendant seduced one Dina Granhoff. Trial by jury. Verdict, guilty, and judgment. The defendant appeals.

*Bowen & Cloud* and *McDuffie & Howard*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

SEEVERS, J.—The defendant sought to prove by one Jacobson that he frequently saw a person other than the defendant going home with her. We are unable to see the materiality of this evidence. Counsel, however, say that the prosecutrix denied that any one kept company with her other than the defendant, and therefore the refusal of the court to admit the evidence was prejudicial error. But this, we think, cannot be so. Merely going home with the prosecutrix, without more, certainly cannot be regarded as a material circumstance. The prosecutrix may have understood "keeping company" as something materially different from walking home with a gentleman. Besides this, the evidence in relation to "keeping company" was elicited on cross-examination.

1. SEDUCTION: evidence: "keeping company" with another man.

A small portion of the fifth instruction is singled out, and is said to be erroneous. We think the instruction is in no respect objectionable. We deem it unnecessary to set it out

MARCH TERM 1887. 543

It is also said that the evidence does not sustain the verdict, for the reason that it appears that the prosecutrix was not of chaste character. There is some evidence which tends to establish that she was not of chaste character. It, however, is not so clear and certain as to warrant us in disturbing the verdict This question was fairly submitted to the jury, and we cannot see that there is any prejudicial error in the record.

